IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SCOTTIE JEFFERY JOHNSON,       )
AIS #182168                    )
                               )
        Plaintiff,             )
                               )
    v.                         )    CIVIL ACTION NO. 1:16-CV-446-WKW
                               )
DETECTIVE TAIWAN TRUITT, et al.,  )
                               )
        Defendants.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

In this 42 U.S.C. § 1983 action, Scottie Jeffery Johnson ("Johnson"), a state inmate, challenges the constitutionality of his confinement in the state prison system due to the revocation of his parole based on criminal charges pending against him before the Circuit Court of Houston County, Alabama with respect to vehicle burglaries. *Compl. - Doc. No. 1* at 3; *Amendment to Compl. - Doc. No. 5* at 1-2. Specifically, Johnson maintains Detective Taiwan Truitt, an officer with the Dothan Police Department, provided false testimony at the parole revocation hearing that "Johnson admitted . . . he broke into vehicles but could not remember what he had stolen." *Compl. - Doc. No. 1* at 3. Johnson seeks dismissal of the pending charges, release from incarceration via reinstatement to parole and lost wages suffered due to the revocation of parole. *Compl. - Doc. No. 1* at 4.

Upon review of the complaint and amendment thereto, the court concludes that this case is subject to dismissal prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II. DISCUSSION

### A. Perjury

Johnson contends that defendant Truitt committed perjury at his parole revocation hearing which resulted in the revocation of his parole.  Johnson seeks monetary damages for this alleged violation of his constitutional rights.

It is well established that 42 U.S.C. § 1983 does not authorize the assertion of a claim for damages for alleged acts of perjury during criminal or administrative proceedings.  *Briscoe v. LaHue*, 460 U.S. 325, 334-336, 103 S.Ct. 1108, 1115-1116 (1983) (all witnesses, including government officials, are entitled to absolute immunity from damages liability for their testimony in state proceedings); *Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir. 1988); *Austin v. Borel*, 830 F.2d 1356, 1359 (5th Cir. 1987).  Thus, within the context of this 42 U.S.C. § 1983 action, Johnson is entitled to no relief with respect to alleged perjured testimony and this claim is subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

---

[1]The court granted Johnson leave to proceed *in forma pauperis*.  *Order of June 17, 2016 - Doc. No. 3*.  Thus, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires dismissal of a prisoner's civil action prior to service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from monetary relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### B.  Constitutionality of Confinement

Johnson alleges that he is improperly confined on a parole revocation decision and requests his immediate release from confinement, reinstatement to parole and monetary damages.  The claims presented to this court seeking relief from the revocation of parole are not cognizable in this cause of action.      *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of" the fact or duration of his confinement.  *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (inmate's claims for declaratory relief, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983.").  The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief.  *Balisok*, *supra*.  "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or other basis for his incarceration]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit."  *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.  The principles espoused in *Heck* and *Balisok* apply to

revocations and denials of parole. *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (denial of parole); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (revocation of parole); *Schafer v. Moore*, 46 F.3d 43, 44-45 (8th Cir.1995) (denial of parole).

The law is well settled that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the basis for or duration of his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a state prisoner challenging the constitutionality of his incarceration is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on [the basis for his incarceration] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Johnson v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (The "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). In *Balisok*, the Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Johnson's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his current incarceration. *Heck*, 512 U.S. at 489 ("We do not graft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the [basis for incarceration] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus [or other appropriate action]."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, Johnson's challenges to the revocation of parole and his resulting confinement are not cognizable in this cause of action and are therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## C.  Pending Criminal Charges

Johnson alleges that there is "insufficient evidence" to support the charges lodged against him for breaking and entering into vehicles. *Compl. - Doc. No. 1* at 3. Based on the foregoing, Johnson requests that this court intervene and dismiss the charges. With respect to Johnson's request for declaratory or injunctive relief which would require intervention by this court into criminal proceedings ongoing before the Circuit Court of

---

[2]The plaintiff is advised that the habeas statute requires exhaustion of available state court remedies prior to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). Thus, before filing a federal habeas petition challenging the revocation of parole, the plaintiff must first exhaust all available state court remedies, including submission of a petition for writ of certiorari in the appropriate state circuit court challenging the decision of the Parole Board to revoke parole and appellate review of any adverse decision.

Houston County, Alabama, well settled federal law requires that this court refrain from issuing such relief.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin criminal prosecutions against them in state court. *Id*. at 44-45. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 Fed. App'x 812, 813 (11th Cir. 2008 (citing *Younger*, 401 U.S. at 37). *Younger* therefore directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. *Younger*, 401 U.S. at 43-45. The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.

"In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush,* 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required under *Younger* when a state judicial proceeding is pending, the proceedings implicate important state interests and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics*

*Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

It is clear from the pleadings filed by the plaintiff that each of the requisite elements for *Younger* abstention are present in this case.  First, according to the amendment to the complaint, Johnson is awaiting trial before the Circuit Court of Houston County, Alabama on the challenged criminal charges.  Secondly, enforcement of criminal law is an important state interest.  Finally, Johnson may raise his insufficient evidence claim in the pending state court proceedings by filing appropriate motions with the trial court.  In addition, if Johnson is convicted of the charges pending against him, he may present his claim of insufficient evidence on direct appeal before the state appellate courts.  Although exceptions to *Younger* abstention are permitted where (1) irreparable injury as a result of the prosecution is both "great and immediate"; (2) the state law flagrantly and patently violates the Constitution of the United States; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require issuance of the requested relief, *Mitchum v. Foster*, 407 U.S. 225, 230 (1972), Johnson has not presented any credible basis to warrant application of these exceptions.

Initially, the court finds that the mere fact Johnson must defend himself in state criminal proceedings does not demonstrate irreparable harm.  *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term.").  Next, the complaint fails to establish the type of bad faith or harassment that would justify

interference by this court in the state criminal proceedings. Finally, there is no evidence that the state law(s) under which Johnson has been charged violate the Constitution nor has he set forth any extraordinary circumstance entitling him to the requested relief.

In light of the foregoing, this court is compelled to abstain from considering the merits of Johnson's claim of insufficient evidence as such claim is not cognizable in a 42 U.S.C. § 1983 action at this time. *Younger*, 401 U.S. at 43-44. Consequently, to the extent Johnson requests declaratory or injunctive relief requiring this court's interference with pending state criminal proceedings, equity, comity and federalism concerns require the court to abstain from considering the sufficiency claim presented by Johnson and his attendant request for dismissal of the state criminal charges.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

It is further

ORDERED that on or before July 22, 2016 the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and

factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cɪʀ. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of July, 2016.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE